**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **STERLING MITCHELL,** | ) | **CASE NO. 1:14 CV 2114** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE DONALD C. NUGENT** |
| | ) | |
| **v.** | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| **GARY MOHR, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

*Pro se* Plaintiff Sterling Mitchell filed the above-captioned action under 28 U.S.C. § 2201 against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC Medical Chief Inspector Mona Parks, the Lake Erie Correctional Institution ("LECI") Medical Staff, the Franklin Medical Center Medical Staff, and the Ohio State University Medical Staff. In the Complaint, Plaintiff asserts the Defendants were deliberately indifferent to his brother's serious medical needs resulting in his brother's death. He seeks declaratory relief and monetary damages.

**Factual and Procedural Background**

Plaintiff is incarcerated in the Ross Correctional Institution. His brother, Ben Mitchell, was incarcerated in LECI. Plaintiff contends his brother began complaining of a pain in his side in 2012, but medical staff at LECI did not consider his ailment to be serious. On December 28, 2013, Ben Mitchell was in so much pain that he could not walk. He was transported from LECI to an outside hospital where he was diagnosed with fluid on his lungs and lung cancer. He was then hospitalized

at the Franklin Medical Center. He was rushed to the Ohio State Medical Center on January 3, 2014. He died from a blood clot on May 30, 2014. Plaintiff claims the Defendants were deliberately indifferent to his brother's serious medical needs in violation of the Eighth Amendment. He also claims they committed medical malpractice. He seeks compensatory damages of $10,000,000.00 from each Defendant, and punitive damages against ODRC Medical Chief Inspector Mona Parks.

## Standard of Review

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks plausibility in the Complaint. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a short and plain statement of the claim showing that the pleader is entitled to relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this

pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light

most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.

1998).

## Discussion

Plaintiff indicates that this action is filed pursuant to the Declaratory Judgment Act, 28

U.S.C. § 2201. This statute, however, does not create an independent basis for federal subject matter

jurisdiction. *Heydon v. Mediaone of Southeast Michigan*, 327 F.3d 466, 470 (6th Cir. 2003)(citing

*Skelly Oil Co. v. Phillips Petroleum*, 339 U.S. 667, 671-72 (1950)). It merely provides the Court

with discretion to provide a certain type of relief if the Plaintiff is entitled to judgment under some

other federal statute. *Id*. Therefore, prior to requesting declaratory judgment, Plaintiff must supply

a well-pleaded Complaint which establishes federal subject matter jurisdiction. He has not done so.

Plaintiff asserts claims for violation of his brother's Eighth Amendment rights. Because the

Constitution does not directly provide for damages, he must proceed under one of the civil rights

statutes which authorizes an award of damages for alleged constitutional violations. *Sanders v.

Prentice-Hall Corp. Sys*, 178 F.3d 1296 (6th Cir. 1999). As no other statutory provision appears to

present an even arguably viable vehicle for the assertion of Plaintiff's claims, the Court construes

these claims as arising under 42 U.S.C. § 1983.

Plaintiff, however, cannot assert claims under 42 U.S.C. §1983 on behalf of his brother nor

can he base his own claims on a violation of his brother's constitutional rights. Claims asserted in

a § 1983 action are personal to the injured party. *Shepard v. Wellman*, 313 F.3d 963, 970 (6th Cir.

2003). Plaintiff lacks standing to assert violations of his brother's constitutional rights. *See Id*. A

party must assert violation of his own legal rights and interests, and cannot rest his claim to relief

-3-

on the legal rights or interests of third parties, even if that third party is a sibling. *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *Allstate Insurance Co. v. Wayne County*, 760 F.2d 689, 693 (6th Cir. 1985). The fact that Plaintiff may be collaterally affected by the adjudication of his brother's rights does not necessarily extend the Court's Article III powers to him. *Allstate Insurance Co.*, 760 F.2d at 692.

In addition, Plaintiff cannot bring claims on behalf of his brother's estate. As an initial matter, only the executor or administrator has standing to raise § 1983 claims for a decedent. Plaintiff does not claim to be the executor or administrator of his brother's estate. Even if Plaintiff, a prisoner himself, were appointed as the executor of his brother's estate, he could not proceed *pro se* on behalf of the estate if the estate had other beneficiaries and creditors. *Id.* Plaintiff does not allege he is a beneficiary of his brother's estate, much less the only beneficiary, nor does he allege the estate has no creditors. Plaintiff lacks standing to bring these claims under 42 U.S.C. § 1983 on behalf of his brother's estate.

Finally, to the extent the Complaint could be construed as asserting an action for wrongful death or malpractice, the Court lacks subject matter jurisdiction to entertain those claims. These claims arise, if at all, under state tort law. Federal courts are courts of limited jurisdiction and, unlike state trial courts, they do not have general jurisdiction to review all questions of law. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 474 (6th Cir. 2008). Generally, the Constitution and Congress have given federal courts authority to hear a case only when diversity of citizenship exists between the parties, or when the case raises a federal question. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Because these claims arise under state law, federal jurisdiction cannot be based on the presence of a federal question.

-4-

If federal jurisdiction exists in this case, it must be based on diversity of citizenship. To establish diversity of citizenship, the Plaintiff must establish that he is a citizen of one state and all of the Defendants are citizens of other states. The citizenship of a natural person equates to his domicile. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir.1990). Plaintiff is incarcerated in an Ohio prison. He does not provide information suggesting he is a citizen of a state other than Ohio. All of the Defendants are citizens of Ohio. A party seeking to bring a case into federal court carries the burden of establishing diversity jurisdiction. *Boladian v. UMG Recordings, Inc.*, No. 03-2148, 2005 WL 14981 at 2 (6th Cir. Jan. 3, 2005). Plaintiff has not met that burden and has not established federal subject matter jurisdiction for this case.

### Conclusion

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

DONALD C. NUGENT
UNITED STATES DISTRICT JUDGE

Dated: February 27, 2015

---

[1]    28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.

-5-